United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41506
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES L. EASON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-232-3
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

James L. Eason appeals the sentence imposed following his guilty-plea conviction for conspiracy to distribute or possession with intent to distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. § 846. Eason argues that his sentence should be vacated and the case remanded for resentencing because the district court increased his offense level based on its findings of reckless endangerment, his leadership role, and the type of methamphetamine involved in the conspiracy offense and because the district court erred in basing his sentence on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory Guidelines that were held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

The Government asserts that "although the record supports a finding that it is not likely that the court would have imposed a lesser sentence, it does not appear to support such a finding beyond a reasonable doubt." The Government concedes that the sentence should be vacated and the case should be remanded for resentencing in view of <u>Booker</u>. Accordingly, we VACATE Eason's sentence and REMAND for resentencing in view of <u>Booker</u>.

Eason also argues that: (1) the district court erred in increasing Eason's offense level for reckless endangerment; (2) the district court erred in denying Eason a three-level reduction in his offense level for acceptance of responsibility; (3) the district court erred in increasing Eason's offense level for his leadership role in the offense; (4) the district court erred in denying Eason a two-level decrease in his offense level pursuant to the U.S.S.G. § 5C1.2 safety valve provision; and (5) the district court erred in determining that the offense involved "ice" methamphetamine. As in <u>United States v. Akpan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005), because we vacate and remand Eason's entire sentence, we need not and do not reach his other arguments of sentencing errors; rather, we leave to the discretion of the district court whether, in its discretion, it will impose the identical sentence with the identical departures or enhancements, or both.

SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.